**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4188**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WILBERT BEN MANESS, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00221-JAB-1)

Submitted:  November 24, 2008      Decided:  December 29, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C.  Allen, Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilbert Ben Maness, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him to a 100-month term of imprisonment, the bottom of the advisory sentencing guidelines range. Maness appeals his sentence on two grounds. Finding no reversible error, we affirm.

Maness first contends that the district court violated his Fifth and Sixth Amendment rights by increasing his sentence based upon the uncharged conduct of possession with intent to distribute crack cocaine where that conduct was neither admitted by him nor found by a jury beyond a reasonable doubt. Maness' claim is foreclosed by circuit precedent. United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) ("When applying the Guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard."), cert. denied, 128 S. Ct. 1121 (2008).

Maness also asserts that the district court erred by applying a four-level enhancement for possession of a firearm in connection with another felony offense--possession with intent to distribute 1.6 grams of crack cocaine. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2006). He contends that the amount of crack was not large enough to infer an intent to

2

distribute and notes that the crack was not packaged for distribution and that he did not possess drug paraphernalia.

We review a sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 128 S. Ct. at 597.

This court reviews the district court's factual findings for clear error. Id.; United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (reviewing for clear error enhancement for possession of a firearm in connection with another felony offense). "Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks and citations omitted). The clearly erroneous "standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have

3

decided the case differently." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (internal quotations omitted).

Section 2K2.1(b)(6) provides for a four-level enhancement if the defendant used or possessed any firearm or ammunition in connection with another felony offense. This finding encompasses two requirements: that the defendant committed "another felony" and that he possessed the firearm "in connection with" the other felony.[*] United States v. Blount, 337 F.3d 404, 410 (4th Cir. 2003). "'Another felony offense', for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C); see United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (discussing elements of offense of possession with intent to distribute controlled substance).

With these standards in mind, we have carefully reviewed the record on appeal. Our review leads us to conclude that the district court did not clearly err in applying the enhancement in USSG § 2K2.1(b)(6). See Anderson, 470 U.S. at

---

[*] Maness does not challenge the "in connection with" element on appeal.

4

574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>